*In re* C.A.G., a Minor (The People of the State of Illinois, Petitioner-Appellant, v. C.A.G., Respondent-Appellee).

Third District ´ No. 3—93—0589

Opinion filed April 1, 1994.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Tracy Manhoff, Public Defender, of Rock Island, for appellee.

PRESIDING JUSTICE SLATER delivered the opinion of the court:

A delinquency petition was filed against C.A.G., a minor, charging him with armed robbery. On May 3, 1993, C.A.G. made various admissions. Following a hearing, all of his statements were suppressed. The State appeals.

At the June 17, 1993, suppression hearing, Charles B. Holm testified that he was a polygraph examiner with the Illinois State Police. Holm met C.A.G. on May 3, 1993, at the State Police headquarters for the purpose of conducting a polygraph examination. C.A.G. was accompanied by Detective Jeff Leonard. When C.A.G. was brought into the examination room, he was told he could leave anytime he wanted. After the hour-long test, Holm informed C.A.G. that he had failed the polygraph test. The minor then admitted that

he had accompanied Gary Felps to a gas station when Felps robbed it. Holm then brought Detective Leonard into the examination room and had C.A.G. repeat his statement. These statements were given without the *Miranda* warnings.

Leonard testified that when he initially spoke to C.A.G. on February 18, 1993, C.A.G. denied any involvement. On April 13, 1993, Leonard gave C.A.G. the *Miranda* warnings and questioned him again. C.A.G. repeated his denials. Leonard then informed C.A.G. that he did not believe his denials because of the result of a photographic lineup and another suspect's statement. The minor then expressed a willingness to take a polygraph examination. Since C.A.G. was 15 years old, Leonard subsequently obtained parental consent for the examination.

On May 3, 1993, the day of the examination, Leonard picked C.A.G. up at school in an unmarked police car. After bringing C.A.G. to the examination room, Leonard waited outside. About a half-hour later, Holm told Leonard that C.A.G. had confessed. At that point, Leonard went into the examining room, and C.A.G. repeated that he had been with Felps during the robbery. Leonard stated that he did not give *Miranda* warnings because he was not interviewing C.A.G. and C.A.G. was not in custody. Leonard then took C.A.G. to the police department to obtain a statement. The minor sat in the front seat of the car and was not handcuffed. While en route, C.A.G. asked how much trouble he was in and told Leonard that the robbery was Felps' idea. At the police station, C.A.G. was given the *Miranda* warnings and he repeated his statement. Leonard formally arrested C.A.G. and then drove him back to school.

C.A.G. testified that during the questioning on April 13, 1993, Leonard kept insisting that C.A.G. knew about the armed robbery and, in fact, had committed it. Later, C.A.G. requested a polygraph examination because Leonard told him there was a witness and he was going to be arrested. After the test, Holm told C.A.G. that he had failed and he might as well confess because he was going to be arrested anyway. C.A.G. first confessed to Holm and then to Leonard. C.A.G. admitted that he made statements on the way to the police department, but he claimed they were a result of questioning and not otherwise volunteered.

The trial court found that, under the totality of the circumstances, the minor initially confessed during a custodial interrogation without the benefit of the *Miranda* warnings. Accordingly, the court granted the respondent's motion to suppress all of his statements.

On appeal, the State argues that the trial court erred by granting the respondent's motion to suppress. Specifically, it argues that

C.A.G. was not in custody for *Miranda* purposes at the time he made his admission after taking the polygraph examination. We disagree.

*Miranda* warnings must be given to any defendant subject to custodial interrogation. Custodial interrogation is defined as questioning initiated by law enforcement officers after a person has been taken into custody or has otherwise been deprived of his freedom of action in any significant way. (*Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602.) The determination of whether an interrogation is custodial is based on the totality of the circumstances, including the following: the location, length, mood, and mode of interrogation; the number of police officers present; any indicia of formal arrest or evidence of restraint; the intentions of the officers; the extent of the officers' knowledge; and the focus of the investigation. (*People v. Brown* (1990), 136 Ill. 2d 116, 554 N.E.2d 216.) The trial court must examine and weigh these factors, along with the credibility of the witnesses, and then make an objective determination as to whether a reasonable person, innocent of any crime, would have believed he was in custody. (*Brown*, 136 Ill. 2d 116, 554 N.E.2d 216.) The burden of proving that a defendant was not in a custodial situation and not deprived of his freedom in any significant way is on the State. (*In re N.E.R.* (1987), 159 Ill. App. 3d 320, 512 N.E.2d 132.) When reviewing the trial court's ruling on a motion to suppress, a court of review will not disturb the trial court's finding unless it is manifestly erroneous. *Brown*, 136 Ill. 2d 116, 554 N.E.2d 216.

In the instant case, C.A.G. was taken from school in an unmarked car by an officer. He was then given the polygraph examination in a closed room at the State Police headquarters by an examiner employed by the State Police. Initially, he was told he could leave anytime. However, according to C.A.G., after the examination he was told he was going to be arrested anyway so he might as well confess. In light of the examination circumstances, C.A.G.'s youth, and the statement that he was going to be arrested, we find that a reasonable person in C.A.G.'s position would have believed he was in custody. Thus, *Miranda* warnings should have been given after the examination and before any further statements were elicited.

Accordingly, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

BARRY and LYTTON, JJ., concur.